*Harper, J.
We concur with the Chancellor, on all the points involved in this case, except as to the marital rights of James L. Spann not having attached on the shares of the children of Sarah O’Quin, who died infants, leaving the plaintiff, Elizabeth, their sole next of kin, and entitled to their whole estates. On that point we think the decree must be modified on the authority of the case of Marsh v. McNail,(a) decided by this Court at Columbia, January, 1832. In that case the husband had taken possession, without administration, of the estate to which his wife was exclusively entitled, all the debts being paid, or there being no debts; and it was held that the marital rights had attached. In this' case it was agreed that the children died at a very early age, and could have owed no debts. James L. Spann was entitled to the administration in the name of his wife. But to what purpose should he have administered ? There were no debts to pay, and no distribution to be made. Was it simply that he might take possession in his own right ? That would have been merely going through a nugatory ceremony.- — -Or if any other person had administered, could the property have been recovered from him? No — by going into Equity and shewing that there •were no debts, and that his wife was exclusively entitled, a recovery at law would have been restrained. (b) In every point of view, then administration would have been superfluous. He took possession of the two-thirds derived from the deceased children, just as he did of the rest of his wife’s property, and we think his marital rights must be held to have attached on them.
The decree of the Chancellor is modified accordingly.
Johnson and O’Neall, Js., concurred.

а) Not reported.

 If another administering could recover the property at law from the husband, unless restrained by injunction, (which seems to be admitted) does it not prove that the legal estate had not vested in the husband, and consequently that the marital rights had not attached? See Elders v. Vauters, 4 Eq. Rep. 155; Farly v. Farly, 1 M’C. Ch. 514; Gregory v. Foster, 1 M’C. Ch. 324; Bradford v. Felder, 2 M’C. Ch. 170. R.